UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PAUL VINCENT CRAIG                CIVIL ACTION NO. 5:16-cv-1560

VS.                               SECTION P

                                  JUDGE ELIZABETH E. FOOTE

STATE OF LOUISIANA, ET AL         MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* petitioner Paul Vincent Craig is a pre-trial detainee in custody at the Caddo

Correctional Center (CCC). He filed the instant Petition for Writ of Habeas Corpus, pursuant to 28

U.S.C. §2241, on November 4, 2016. At the time of his filing, he was awaiting trial on a charge of

Public Intimidation pending in the First Judicial District Court. This matter has been referred to the

undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C.

§636 and the standing orders of the Court. For the following reasons it is recommended that the

petition be **DISMISSED WITH PREJUDICE.**

*Background*

Petitioner was arrested on July 4, 2016, on charges of Entering and Remaining and Battery

on Officer. He subsequently pled guilty to Resisting Arrest and was sentenced to six months

imprisonment, scheduled to be released on September 16, 2016. [Rec. Doc. 1, p.10] On August 9,

2016, he filed an ARP Request to SPD Internal Affairs alleging excessive/brutal use of force by

arresting officers and city jail officers. *Id.* On August 11, 2016, he received notice of receipt of his

complaint, and was also booked and charged with Public Intimidation. This charge is the subject

of the instant petition, wherein petitioner argues that he was falsely accused in retaliation for the

ARP filed. He asks this Court to dismiss the charge and order his immediate release from custody.

*Id.* at p.10

While the case was being reviewed, petitioner was released from custody; the Department of Corrections confirms he is "out of custody; sentence served.."[1]

### *Law and Analysis*

The evidence establishes beyond any doubt that the petitioner is no longer in custody. Further, the record establishes that the petitioner has demanded only dismissal of the pending claims and release from custody. Therefore, in light of his release, the undersigned concludes that petitioner's *habeas corpus* is now moot and should be dismissed.

Therefore,

**IT IS RECOMMENDED** the Petition for Writ of *Habeas Corpus* be **DISMISSED WITH PREJUDICE** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United*

---

[1]See www.vinelink.com/#/searchResults/1.

*Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).


Signed, in chambers, Monroe, Louisiana, December 21, 2016.


**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**